IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2020

**KENDALL JOY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 92-04889, 92-04890, 93-10612, 93-10613, 93-01614
Carolyn W. Blackett, Judge**

_____

**No. W2019-01437-CCA-R3-ECN**
_____

Petitioner, Kendall Joy, appeals the denial of his petition for a writ of error coram nobis in which he alleged that his guilty plea was not knowingly, voluntarily, and intelligently entered. After thoroughly reviewing the record and applicable authorities, we affirm the judgment of the error coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Kendall Joy, Yazoo City, Mississippi, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Katherine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

On December 16, 1993, Petitioner was indicted by a Shelby County grand jury on one count of aggravated assault. On May 13, 1994, Petitioner pleaded guilty to the offense, along with other offenses which are not the subject of this appeal, and was sentenced to four years to be served on probation.

On July 10, 2019, Petitioner filed an untimely petition for writ of error coram nobis claiming that his guilty plea had not been entered into knowingly, voluntarily or intelligently and was therefore unconstitutional. He asserted that he was not apprised of the elements of the offense or any supporting facts at the guilty plea submission hearing.

Petitioner claimed that he learned of the unconstitutionality of his guilty plea in June 2015 when he was sentenced for an offense in federal court. Petitioner further claimed that he was continuing to suffer prejudice from his plea because his state conviction was being used to enhance the federal sentence that he was still serving.

The coram nobis court dismissed the petition for writ of error coram nobis finding that the petition did not state a colorable claim and that the issues had been "waived and/or previously determined."

*Analysis*

On appeal, Petitioner argues that error coram nobis court improperly dismissed his petition for writ of error coram nobis attacking the constitutionality of his guilty plea.

A writ of error coram nobis is a very limited remedy which allows a petitioner the opportunity to present newly discovered evidence "which may have resulted in a different verdict if heard by the jury at trial." *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *see also State v. Mixon*, 983 S.W.2d 661 (Tenn. 1999). The remedy is limited "to matters that were not and could not be litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas proceeding." T.C.A. § 40-26-105.

We conclude that the error coram nobis court properly dismissed the petition for writ of error coram nobis on its face without an evidentiary hearing. "[T]he coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." *Frazier v. State*, 495 S.W.3d 246, 253 (Tenn. 2016). Accordingly, the trial court properly dismissed the Petitioner's coram nobis petition in which the Petitioner sought to collaterally attack his guilty plea.

## CONCLUSION

Accordingly, the judgment of the error coram nobis court is affirmed.

_____
THOMAS T. WOODALL, JUDGE